Filed 4/29/14  P. v. Watts CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040019 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 78100) |
| v. | |
| ANDREW BRIAN WATTS, | |
| Defendant and Appellant. | |

On December 15, 1980, appellant Andrew Brian Watts went into a psychotic rage at his parents' home and strangled his father to death.  He did not believe his father was dead, so to slow his father down, he cut off his legs with a knife and a machete and poured sugar on his body, believing it was cyanide.  Later he stole his father's van and drove to Salt Lake City, Utah.  He was arrested in Utah on December 18, 1980.

Appellant has always maintained that the person he murdered was not his father, but a duplicate of his father.  Appellant was found not guilty by reason of insanity and committed to the state hospital system.  He was diagnosed with Schizophrenia, paranoid type, and polysubstance dependence.  Appellant has been in and out of the state hospital system and the community release program since that time.[1]

---

[1] The factual recitation here is limited to the facts necessary to dispose of this appeal pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  On the Court's own motion, we take judicial notice of *People v. Watts*, (Aug. 29, 2013, H038825)

On April 17, 2013, the District Attorney of Santa Clara County filed a petition seeking to extend appellant's commitment for an additional two years pursuant to Penal Code sections 1026 and 1026.5. Appellant's jury trial began on July 30, 2013. At trial, three treating physicians, both past and present, testified for the prosecution. All three opined that because of appellant's persistent, severe delusions and his inability to recognize his mental illness or control his behavior, there was a substantial risk that, if released, he would pose a danger to the community. On July 31, 2013, the jury returned a verdict, finding the petition to be true. Thereafter, the court ordered appellant committed for two years, ending August 30, 2015. Appellant filed a timely notice of appeal from this order.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496, 501. Despite acknowledging *Serrano*'s apparent application, counsel attempts to distinguish *Serrano* on its facts. While the *Serrano* appeal followed an order on a collateral post-judgment motion in a criminal case, the instant appeal follows an order of recommitment under Penal Code sections 1026 and 1026.5. As we made clear in *Serrano*, the Supreme Court has, on multiple occasions, limited the availability of *Wende*[2] review. (*Serrano*, *supra*, 211 Cal.App.4th 496, 501; see also *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543-544 [no *Wende* review in conservatorship cases]; *In re Sade C.* (1996) 13 Cal.4th 952 [no *Wende* review in dependency cases].) In *Serrano*, we relied on the California Supreme Court's holding in *Ben C.*, *supra*, 40 Cal.4th 529 to hold that *Wende*

---

[nonpub.opn.], where this court considered an appeal by appellant from an earlier recommitment proceeding related to a 1993 assault case. (Santa Clara County Superior Court No. 169048.) We also take judicial notice of *People v. Watts*, (Dec, 16, 2010, H035049) [nonpub. opn.], an appeal by appellant from an earlier recommitment proceeding in this case. (Santa Clara County Superior Court No. 78100.) A more complete recitation of the factual and procedural background appears in those appeals.

[2] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

review was only available in the first appeal of right from a criminal conviction. (*Serrano*, *supra*, 211 Cal.App.4th 496, 500.) Other courts have similarly relied on *Ben C.* to limit the availability of *Wende* review, including appeals from civil commitments. (*People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*) [extending *Ben C.* procedures from conservatorship cases to Mentally Disturbed Offender (MDO) commitments under Penal Code section 2962].) Counsel argues that *Taylor* was wrongly decided to the extent it extended *Ben C.* procedures to MDO cases. He urges us not to extend *Ben C.* to recommitments pursuant to Penal Code sections 1026 and 1026.5, and to review the entirety of the record on appeal pursuant to *Wende*, *supra*, 25 Cal.3d 436.

Under *Serrano*, it is the procedural posture of the order appealed from (i.e., an appeal from a post-judgment order) and not the nature of the underlying proceeding (i.e., dependency, civil recommitment) that determines the availability of *Wende* review. Because defendant's appeal is from an order extending his commitment for an additional two years, and not a first appeal of right from a judgment of conviction, he is not entitled to *Wende* review. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 501-502.) Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on December 18, 2013, we notified appellant of his right to submit written argument in his own behalf within 30 days. On December 23, 2013, January 13, 2014, and March 21, 2014, we received letters from appellant. In his letters, appellant again contends that the person killed was not his father, and that his father may still be alive. He asks us to reopen the case and review photographs of the victim, contending that the actual victim's identity may have been falsified. In the alternative, he asks that we search for various tape recordings and grant him a new trial. In effect, appellant wishes to challenge the sufficiency of the evidence supporting his conviction. Challenges to the sufficiency of the evidence of appellant's underlying conviction are not properly before us in an appeal from the order recommitting him to the state hospital system. Because those issues are long final, we cannot grant appellant's request for

3

further discovery or for a new trial.  Thus, nothing in appellant's letters raises an arguable issue on appeal from an order of recommitment.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Therefore, we decline to retain the case.

The appellant having failed to raise any arguable issue on appeal, we shall dismiss the appeal.  (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

### Disposition

The appeal is dismissed.


_____
                                                                    MÁRQUEZ, J.

WE CONCUR:



_____
PREMO, ACTING P.J.




_____
ELIA, J.

4